Morton J.
delivered the opinion of the Court. The judgment in the last case is decisive of this. The only difference between the two is, that after the first trial and the adjournment of the court and before the convening of the same for *453 the last trial, the plaintiff was duly commissioned and qualified, as judge-advocate. At the last trial then there was a legal judge-advocate.
Washburn, for the defendant.

Brooks, pro se.

There was no order for convening the court at the place or on the day when the defendant was tried. He was not summoned then and there to appear. If the court was legally holden, and if the defendant was bound to appear before it, it was by force of the former adjournment. But the first court never had a legal existence. It is sometimes the case, that judicial tribunals and other public bodies may be authorized by express provision of law or by implication ex necessitate rei, to adjourn from day to day or from time to time, when they have no power to do any other valid act. But this court never was duly constituted or organized for any purpose.
If the orders for convening the court were regular, it the president and marshal were duly appointed and the members regularly detailed, yet without a judge-advocate they could do nothing. There could be no necessity, to justify their proceeding. If the proper judge-advocate was absent, the president of the court had authority to appoint a judge-advocate for the occasion. St. 1822, c. 102, § 5.
There never having been a legal court-martial at any time, the proceedings and judgment were coram non judice and wholly void.[1]

Plaintiff nonsuit.

 See Rev. Stat. c. 12, § 117.